UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------

JOHANNE SAINT-FLEUR,

                Plaintiff,

      - against -

JPMORGAN CHASE BANK, N.A.,

                Defendant.

**ORDER**

23 Civ. 4908 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      This is a dispute between Plaintiff account holder Johanne Saint-Fleur and Defendant JPMorgan Chase ("Chase") regarding the alleged wrongful withdrawal of funds from Plaintiff's account.

      The Complaint alleges that "[i]n or about 2019, the Plaintiff entered into an agreement with the Defendant wherein the Defendant agreed to create and maintain a checking a saving[s] account on behalf of the Plaintiff." (Cmplt. (Dkt. No. 1-1) ¶ 4)  The Complaint goes on to allege that Chase wrongfully allowed $89,781.98 to be withdrawn from Plaintiff's account and has refused to return the money.  The Complaint asserts claims for negligence, conversion, fraud, and unjust enrichment, and seeks a constructive trust.  (Id. ¶¶ 8-25)  The Complaint does not attach the alleged agreement between Plaintiff and Chase.

      Plaintiff filed the Complaint in Supreme Court, New York County on March 10, 2023.  Chase removed the case to this Court on June 12, 2023, on the basis of diversity jurisdiction.  (Notice of Removal (Dkt. No. 1); Cmplt. (Dkt. No. 1-1))

      Since this case was removed, Plaintiff has committed numerous procedural defaults.

As an initial matter, Plaintiff's counsel has not entered a notice of appearance, as required by this Court's Individual Rules of Practice, Rule VII.B.

On June 19, 2023, Defendant filed a letter seeking permission to move to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues, inter alia, that Plaintiff's "contractual relationship with Chase . . . is memorialized by the Deposit Account Agreement" that the parties entered into in 2019, which "Plaintiff incorporates by reference in her Complaint." Defendant notes that Plaintiff does not "allege a single contract claim against Chase," and contends that Plaintiff's "common law, non-contractual claims . . . are barred by the economic loss doctrine" – i.e., the legal doctrine prohibiting recovery in tort for economic losses within the scope of a breach of contract cause of action. (Dkt. No. 5 at 1-2) Chase's letter includes a hyperlink to the 2023 version of Chase's form deposit account agreement, but Chase has not submitted the 2019 agreement referenced in the Complaint.

Plaintiff did not respond to Defendant's pre-motion letter within three business days, as required by this Court's Individual Rules of Practice, Rule IV.A. Accordingly, this Court's law clerk called Plaintiff's counsel and alerted him to the pre-motion letter. The clerk also requested a copy of the contract referenced in paragraph 4 of the Complaint, so that this Court could assess Defendant's argument regarding the economic loss doctrine.

Plaintiff refused to provide the contract, or to respond substantively to Defendant's arguments in its pre-motion letter. Instead, in a June 28, 2023 letter, Plaintiff states: "Please be advised that the Plaintiff's Initial Pleadings did not include a copy of the subject contract . . . . By correspondence dated June 19, 2023, the Defendant alleges that the 'Plaintiff incorporates by reference in her complaint' the subject contract. However, as indic[a]ted earlier, the subject contract was never annexed to the Plaintiff's Initial Pleading. The June 19, 2023

2

correspondence of the Defendant further purported that the subject contract is public[]ly available from the Defendant's website." (Dkt. No. 6 at 1)

Plaintiff's contention that she can refuse to provide the agreement cited in the Complaint – because it was not attached as an exhibit to the Complaint – is nonsense. The contract is incorporated by reference. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.") (emphasis added).

Given Plaintiff's refusal to provide a copy of the parties' account agreement – and with the initial pretrial conference approaching – this Court, in an October 12, 2023 order, directed Plaintiff to "place on the docket – forthwith – the agreement referenced in paragraph 4 of the Complaint." (Dkt. No. 11)

Plaintiff did not docket the agreement, despite this Court's order to do so "forthwith." Accordingly, on October 17, 2023, this Court's law clerk called Plaintiff's counsel to ask about the status of the filing. Plaintiff's counsel conferenced in Defense counsel. Plaintiff's counsel then represented that (1) he did not have a copy of the agreement; (2) defense counsel either had already given him a copy of the agreement or would soon do so; and (3) he would then confirm with his client that the copy was accurate. The law clerk explained to Plaintiff's counsel that it was imperative that the agreement be filed immediately, given the order to do so "forthwith."

To date, Plaintiff has not filed the parties' agreement.

3

This morning, October 26, 2023, this Court held the initial pretrial conference. Plaintiff's counsel did not appear for the conference. He did not seek an adjournment of the conference, obtain permission not to appear at the conference, or inform this Court or his adversary that he would not appear at the conference. In sum, Plaintiff's counsel has not explained in any fashion his failure to appear.

Given Plaintiff counsel's repeated violation of court orders, by **Monday, October 30, 2023 at 10:00 a.m.**, Plaintiff will show cause why this action should not be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York
October 26, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge