UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JOHANNE SAINT-FLEUR,

                      Plaintiff,

          - against -

JPMORGAN CHASE BANK, N.A.,

                      Defendant.
---------------------------------------------------------------

**ORDER**

23 Civ. 4908 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Johanne Saint-Fleur alleges that Defendant JPMorgan Chase, N.A. ("Chase") is responsible for the wrongful withdrawal of funds from Plaintiff's Chase bank account.

        The Complaint alleges that "[i]n or about 2019, the Plaintiff entered into an agreement with the Defendant wherein the Defendant agreed to create and maintain a checking and a saving[s] account on behalf of the Plaintiff."  (Cmplt. (Dkt. No. 1-1) ¶ 4)  The Complaint goes on to allege that Chase wrongfully allowed $89,781.98 to be withdrawn from Plaintiff's account and has refused to return the money.  The Complaint asserts claims for negligence, conversion, fraud, and unjust enrichment, and seeks a constructive trust.  (Id. ¶¶ 8-25)  The alleged 2019 agreement between Plaintiff and Chase is not attached to the Complaint.

        The Complaint was filed in Supreme Court of the State of New York, New York County, on March 10, 2023.  Chase removed the case to this District on June 12, 2023, on the basis of diversity jurisdiction.  (Notice of Removal (Dkt. No. 1); Cmplt. (Dkt. No. 1-1))

        Since this case was removed, Plaintiff has committed numerous procedural defaults.

As an initial matter, Plaintiff's counsel did not enter a notice of appearance, as required by this Court's Individual Rules of Practice, Rule VII.B, until November 30, 2023. (Dkt. No. 15)

Plaintiff's counsel has also not responded properly to Court orders regarding Defendant's June 19, 2023 letter seeking permission to move to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In its pre-motion letter, Defendant argues, inter alia, that Plaintiff's "contractual relationship with Chase . . . is memorialized by the Deposit Account Agreement" that the parties entered into in 2019, which "Plaintiff incorporates by reference in her Complaint."  Noting that the Complaint does not "allege a single contract claim against Chase," Defendant contends that Plaintiff's "common law, non-contractual claims . . . are barred by the economic loss doctrine" – i.e., the legal doctrine prohibiting recovery in tort for economic losses within the scope of a breach of contract cause of action.  (Def. June 19, 2023 Ltr. (Dkt. No. 5) at 1-2)  Chase likewise did not submit the 2019 account agreement referenced in the Complaint, although it's pre-motion letter includes a hyperlink to the 2023 version of Chase's form deposit account agreement.  (Id. at 1 n.1)

Plaintiff did not respond to Defendant's pre-motion letter within three business days, as required by this Court's Individual Rules of Practice, Rule IV.A.  Accordingly, this Court's law clerk contacted Plaintiff's counsel and alerted counsel to his obligation to respond to Defendant's pre-motion letter.  The law clerk also instructed Plaintiff's counsel to submit a copy of the account agreement he had referenced in paragraph 4 of the Complaint, so that this Court could assess Defendant's argument regarding the economic loss doctrine.

2

Plaintiff did not provide the 2019 account agreement to the Court, nor did he file a substantive response to Defendant's arguments in its pre-motion letter. Instead, Plaintiff states the following in a June 28, 2023 letter:

> Please be advised that the Plaintiff's Initial Pleadings did not include a copy of the subject contract . . . . By correspondence dated June 19, 2023, the Defendant alleges that the 'Plaintiff incorporates by reference in her complaint' the subject contract. However, as indic[a]ted earlier, the subject contract was never annexed to the Plaintiff's Initial Pleading. The June 19, 2023 correspondence of the Defendant further purported that the subject contract is public[]ly available from the Defendant's website.

(Pltf. June 28, 2023 Ltr. (Dkt. No. 6) at 1)

In sum, Plaintiff refused to provide the applicable 2019 account agreement because it "was never annexed to the Plaintiff's Initial Pleading." (Id.) The 2019 account agreement is incorporated by reference in the Complaint, however, and – on a motion to dismiss – a court is entitled to consider any document incorporated by reference in the complaint. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

Given Plaintiff's refusal to provide a copy of the applicable 2019 account agreement – and with the initial pretrial conference approaching – this Court, in an October 12, 2023 order, directed Plaintiff to "place on the docket – forthwith – the agreement referenced in paragraph 4 of the Complaint." (Dkt. No. 11)

Plaintiff did not docket the 2019 account agreement, despite this Court's order to do so "forthwith." Accordingly, on October 17, 2023, this Court's law clerk called Plaintiff's counsel to ask about the status of the filing. Plaintiff's counsel conferenced in defense counsel. Plaintiff's counsel then represented that (1) he did not have a copy of the 2019 account

3

agreement; (2) defense counsel either had already given him a copy of the agreement or would soon do so; and (3) he would then confirm with his client that the copy provided by Chase's counsel was accurate. The law clerk explained to Plaintiff's counsel that it was imperative that the 2019 account agreement be filed immediately, given the order to do so "forthwith."

On October 26, 2023, this Court held the initial pretrial conference. Plaintiff's counsel did not appear for the conference. He did not seek an adjournment of the conference, obtain permission not to appear at the conference, or inform this Court or his adversary that he would not appear at the conference. In sum, Plaintiff's counsel did not explain in any fashion his failure to appear.

That same day, this Court entered an order directing Plaintiff to show cause by October 30, 2023, why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 14)

On November 30, 2023 – one month after this Court's deadline – Plaintiff's counsel entered a notice of appearance (Dkt. No. 15) and filed what appears to be a copy of the 2023 version of Chase's form deposit account agreement. (Dkt. No. 16)

To date, Plaintiff's counsel has not (1) provided the 2019 account agreement that is referenced in the Complaint, despite repeated requests to do so; (2) substantively responded to Defendant's arguments in its June 19, 2023 pre-motion letter; or (3) provided any explanation for his repeated violation of court orders and failure to appear for the initial pretrial conference.

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order. . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the

4

inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).  A district court considering a Rule 41(b) dismissal must weigh five factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts:  (1) whether the failures to prosecute were those of the plaintiff[s], and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)).  Here – over an eight-month period – Plaintiff has not complied with this Court's repeated directives to (1) file the 2019 account agreement referenced in the Complaint; and (2) respond to the arguments in Defendant's pre-motion letter.  Plaintiff also failed to appear at the October 26, 2023 initial pretrial conference.

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180).  Here, this Court's October 26, 2023 order expressly warns that this

5

action will be dismissed for failure to prosecute if Plaintiff does not explain and rectify the multiple violations of court orders.  (Oct. 26, 2023 Order (Dkt. No. 14) at 4)

The next factor – whether a defendant is "likely to be prejudiced by further delay"– also weighs in favor of dismissal.  On June 19, 2023 – more than a year ago – Defendant filed a pre-motion letter seeking leave to file a motion to dismiss the Complaint.  (Dkt. No. 5) Plaintiff has not filed a copy of the 2019 account agreement that is necessary for this Court to evaluate Defendant's proposed motion, nor has Plaintiff provided any substantive response to the arguments in Defendant's letter.  "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law[.]" (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982))).

"The fourth factor [courts] consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard."  U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182).  This factor also weighs in favor of dismissal.  Plaintiff has not provided the 2019 account agreement that would allow this Court to evaluate the soundness of Defendant's proposed motion to dismiss the Complaint.  Nor has Plaintiff responded in any fashion to Defendant's arguments.  In short, Plaintiff has been offered a more than adequate opportunity to be heard, but has repeatedly demonstrated an unwillingness to comply with court orders.

Finally, the Court finds that lesser sanctions would be ineffective.  Plaintiff has not complied with multiple orders of this Court, and Plaintiff has been warned that a continued failure to comply with court orders will result in the dismissal this action.  (See Oct. 26, 2023 Order (Dkt. No. 14) at 4)  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); Smith v. Human Res. Admin., No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")).  This factor therefore weighs in favor of dismissal.

Viewing the record as a whole and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendant are dismissed for failure to prosecute.  The Clerk of Court is directed to enter judgment for Defendant and to close this case.

Dated:  New York, New York
         June 26, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge